UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                    :
ESTATE OF DONALD ZARDA,                             :
                                                    :
                    Plaintiff,                      :
                                                    :          10-CV-04334 (JFB) (ARL)
                    – against –                     :
                                                    :
ALTITUDE EXPRESS INC., d/b/a SKYDIVE                :
LONG ISLAND AND RAYMOND MAYNARD.                    :
                                                    :
                    Defendants.                     :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## JURY CHARGE

Members of the jury, you have now heard all of the evidence in the case as well as the

final arguments of the parties.  We have reached the point where you are about to undertake your

final functions as jurors.  You have paid careful attention to the evidence, and I am confident that

you will act together with fairness and impartiality to reach a just verdict in the case.

At this point, it is my responsibility to instruct you as to the law that governs this case.

My instructions will be in three parts.

First:  I will give you instructions regarding the general rules that define and govern the

duties of a jury in a civil case;

Second:  I will instruct you as to the legal elements of the causes of action relevant to this

case; and

Third:  I will give you some general rules regarding your deliberations.

1

## PART I: GENERAL RULES

1.      Sole Judges of the Facts

It is your responsibility and duty to find the facts from all the evidence in this case.  You are the sole judges of the facts – not the parties and not I.  I want to impress upon you the importance of that role.  It is for you and you alone to pass upon the weight of the evidence – to resolve such conflicts as may have appeared in the evidence and to draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence.

2.      <u>Juror's Use of Professional Expertise</u>

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal or professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone.  You may not consider or speculate on matters not in evidence or matters outside the case.

3.      <u>Juror's Recollection Governs</u>

With respect to any question concerning the facts, it is your recollection of the evidence and yours alone that controls.

You must apply the law, in accordance with my instructions, to the facts as you find them.

While the parties may have commented on some of these rules, you must be guided only by what I say about them.  You must follow all the rules as I explain them to you.  You may not follow some and ignore others.  Even if you disagree or do not understand the reason for some of the rules, you are bound to follow them.  You must not substitute your own notions or opinions of what the law is or ought to be.

4.       <u>Parties are Equal Before the Court</u>

This case should be considered and decided by you as an action between parties of equal standing in the community.  You are to evaluate the evidence calmly and objectively, without prejudice or sympathy.  You are to be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.

The parties in this case are entitled to a trial free from prejudice and bias.  The parties here are entitled to your equal consideration and none are entitled to sympathy or favor.

5.      <u>Sympathy</u>

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

6.      <u>Conduct of Counsel</u>

It is the duty of the representatives for each side to object when the other side offers testimony or other evidence that they believe is not properly admissible.  Therefore, you should draw no inference from the fact that a party objected to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the parties and I had sidebar conferences and other conferences out of your hearing.  These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

7.      Evidence to Be Considered

You will look to the evidence in order to decide what the facts are.  Evidence comes in several forms:

a.              Sworn testimony of witnesses, both on direct and cross examination, and regardless of who called them;

b.              Exhibits that the court received in evidence;

On the other hand, certain things are not evidence.  Let me list them for you:

a.              Argument or statements by lawyers are not evidence.  In this regard, what they said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the parties' statements, however, it is your recollection that controls;

b.              The questions put to the witnesses are not evidence;

c.              Objections to questions are not evidence.  In this regard, the parties have a duty to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer like any other answer;

d.              Anything the court may have said, including these instructions is not evidence;

e.              Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence;

f.              Anything you may have seen or heard outside the courtroom is not evidence.

8

8.    <u>Direct and Circumstantial Evidence</u>

I told you that evidence comes in various forms such as the sworn testimony of witnesses and exhibits.

There are, in addition, different kinds of evidence - direct and circumstantial.

(a) Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses.  So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it is giving evidence which is direct.  What remains is your responsibility to pass upon the credibility of that witness.

(b) Circumstantial evidence is evidence which tends to prove a fact in issue by proof of other facts from which the fact in issue may be inferred.

The word "infer" - or the expression "to draw an inference" - means to find that a fact exists from proof of another fact.  For example, if a fact in issue is whether it is raining at the moment, neither of us can testify directly to that fact sitting as we are in this windowless courtroom.  Assume, however, that as we are sitting here, a person walks into the courtroom wearing a raincoat that is soaking wet and carrying an umbrella dripping water.  We may infer that it is raining outside.  In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella.  An inference is to be drawn only if it is logical and reasonable to do so.  In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

9

Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.  You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

9.      <u>Burden of Proof</u>

The burden of proof rests on the plaintiff.  That means that it must be established by a fair preponderance of the credible evidence that the claim plaintiff makes is true.  The credible evidence means the testimony or exhibits that you find to be worthy to be believed.  A preponderance of the evidence means the greater part of such evidence.  That does not mean the greater number of witnesses or the greater length of time taken by either side.  The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds.  The law requires that for the plaintiff to prevail on a claim, the evidence that supports plaintiff's claim must appeal to you as more nearly representing what took place than the evidence opposed to plaintiff's claim.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant.  It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of plaintiff.

10.    <u>Witness Credibility</u>

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

11.     <u>Prior Inconsistent Statements</u>

You have heard evidence that, at some earlier time, witnesses have said or done something that one party argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement.  If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and, if so, whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part, or none, of the witness's testimony.

12.   <u>Bias of Witnesses</u>

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence that a witness may benefit in some way from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any witness, or of any party, has intentionally or otherwise colored or distorted his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

13.     <u>Corporate Parties and the Estate of the Deceased</u>

In this case, one of the defendants is a corporation and one is an estate.  The mere fact

that one of the parties is not a live person does not mean it is entitled to any lesser consideration

by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the

same fair consideration as you would give any other individual party.  In addition, since a

corporation is not a natural person, it can act only through its officers, employees, or other

agents.  Thus, any act by any of Altitude Express Inc. d/b/a Skydive Long Island's officers or

employees that is undertaken in the scope of employment is an act by defendant Altitude Express

Inc. d/b/a Skydive Long Island.  Conduct is undertaken within the scope of employment if it is

reasonably foreseeable in light of the employer's business or the employee's responsibilities.  In

this case, the plaintiff has not claimed that anyone other than Raymond Maynard committed any

act in violation of the statute that I will describe to you, and it is undisputed that Mr. Maynard

was the sole owner of Altitude Express Inc. d/b/a Skydive Long Island.

A claim for money damages to be won at trial is like any asset, and can be handed down

from a plaintiff to his estate, just like an inheritance that is in the bank, or any other personal

property owned by the deceased at the time of his death.  You may not sympathize with the

estate because of Mr. Zarda's death, but if the estate has proved Mr. Zarda's claim by a

preponderance of the evidence, you must find for his estate.  Conversely, and again, if the estate

has not proved Mr. Zarda's claim by a preponderance of the evidence, you must find for the

defendants.

## PART II: PRINCIPLES OF LAW

I will now discuss the second part of these instructions; the principles of law that you must apply to the facts as you determine them to be.

The plaintiff, the estate of Donald Zarda represented by executors Melissa Zarda and William Allen Moore, Jr., is asserting a legal claim under the New York State Human Rights Law, which makes it an unlawful discriminatory practice for an employer to discriminate based on sexual orientation.

I will now proceed to explain the elements of plaintiff's claim. Let me remind you that to find for the plaintiff, you must find that plaintiff met its burden to prove each of the elements by a preponderance of the evidence.

### A.  EMPLOYMENT DISCRIMINATION UNDER NEW YORK STATE HUMAN RIGHTS LAW SECTION 296

As you have heard, this is an action to recover damages for employment discrimination. The law prohibits employment discrimination based on sexual orientation, whether that discrimination is intentional or not. In this case, plaintiff claims that defendants terminated Mr. Zarda because he was gay.

The New York State Human Rights Law (Executive Law § 296) defines and prohibits unlawful discriminatory practices by private and public employers. Executive Law § 296(1)(a) provides in pertinent part that it is

. . . an unlawful discriminatory practice . . . (f)or an employer . . . because of an

individual's . . . sexual orientation . . ., to refuse to hire or employ or to bar or to

discharge from employment such individual or to discriminate against such individual in

compensation or in terms, conditions or privileges of employment.

16

Sexual orientation was added to the statute as a protected class in 2003.

An employer must follow non-discrimination laws that protect his or her employees even if the employer's customers might hold biases against the protected class at issue, which in this case is sexual orientation. An employer cannot take adverse action against an employee on the grounds that one or more customers might not prefer to associate with or are offended by the employee's protected class, whatever that might be. However, an employer can take adverse action against an employee if the customer complaint is not based upon the employer's protected class.

In order for plaintiff to recover on his claim, Mr. Zarda's estate must prove by a preponderance of the evidence that Mr. Zarda's sexual orientation was a determining factor in Mr. Maynard's decision to terminate him. There can be more than one determining factor in any decision. Therefore, Mr. Zarda's estate need not prove that his sexual orientation was the only reason for Mr. Maynard's decision. Mr. Zarda's sexual orientation is a determining factor if he would have continued to work for Altitude Express d/b/a Skydive Long Island and Mr. Maynard, except for the fact that he was gay. In other words, sexual orientation is a determining factor if it made a difference in whether or not Mr. Zarda would have continued working for defendants.

Mr. Zarda's estate is not required to produce direct evidence that Mr. Maynard discriminated against him on the basis of his sexual orientation. Discrimination is rarely admitted and may be inferred from the existence of other facts.

In deciding whether the fact that Mr. Zarda was gay was a determining factor in Mr. Maynard's decision, you must first consider whether Mr. Zarda's estate has established the following facts by a preponderance of the evidence. First, Mr. Zarda's estate must prove that

Mr. Zarda was qualified for the tandem skydive instructor position.  Second, the estate must prove that Mr. Zarda was terminated.  Third, the estate must prove that the termination occurred under circumstances giving rise to an inference of discrimination.

If you find that the estate of Mr. Zarda failed to prove any one of these facts, you will find for the defendants.  If you find that the estate proved all of these facts, then you must proceed to consider the reason defendants have given for terminating Mr. Zarda.

Defendants have produced evidence that Mr. Zarda was terminated based upon a customer complaint.  Plaintiff claims that this is not the real reason.  Mr. Zarda's estate has the burden of establishing by a preponderance of the evidence that the reason offered by the defendants was not really the reason Mr. Zarda was terminated and that Mr. Zarda's sexual orientation was a determining factor in the decision.   An employer may take adverse decisions against an employee for any reason, good or bad, as long as it is not discriminatory.  However, you should scrutinize the reasons proffered by the defendants, just as you would any other evidence.

If you find that Mr. Zarda's estate has failed to prove that the reason offered by the defendants was not really the reason Mr. Zarda was terminated, you will find for the defendants. If you find that the estate of Mr. Zarda has proved that the reason offered by defendants was an excuse for discrimination, then you will find for Mr. Zarda's estate and you should proceed to determine the amount of damages.

I am going to provide you with a written verdict form.

## B.  DAMAGES

If you find that the plaintiff has proven its claim, then you must consider the issue of damages.  I will now give you instructions regarding computing the amount of damages.  The fact that I am giving you instructions on damages, however, should not be considered as an indication of any view of mine on what your verdict should be.  Rather, instructions on damages are given only so that you will have them in the event that you should find in favor of the plaintiff on the question of liability.

In computing damages, should you award damages, you may not engage in speculation or arbitrary guess-work.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

I instruct you that the plaintiff's attorney's statements, if any, to you of the amount of damages you should award the plaintiff are not binding upon you.  It is not evidence; it is only the statement of the plaintiff's attorney.  It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate the plaintiff for any injuries and damages she has sustained.  You are to make that determination solely on the basis of the evidence in this case, and on the law I will give you, and not on the basis of an attorney's or party's statement, claim or argument.

I will discuss each category of damages in turn.

### 1.  Damages for Lost Wages

With respect to the issue of lost wages, you may award as actual damages an amount that reasonably compensates the plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits that Mr. Zarda would have received from the defendants had

he not been subject to the intentional discrimination.  The plaintiff has the burden of proving

these lost wages and benefits by a preponderance of the evidence.  If you choose to award the

plaintiff damages for lost wages, damages would apply from the date the Mr. Zarda's

employment ended until the date of his death.   Therefore, any award of damages for lost

wages to the plaintiff must be determined only for the period between June 21, 2010 and October

4, 2014.  In addition, if you award damages for lost wages to plaintiff, you must deduct from

that amount whatever wages Mr. Zarda obtained from other employment during this period.

You are not required to deduct from the award of lost wages social security benefits,

unemployment compensation and pension benefits.  You must also reduce any damages for lost

wages you award to the plaintiff by the amount of expenses Mr. Zarda would have incurred in

making those earnings.  You are further instructed that Mr. Zarda was required to make every

reasonable effort to minimize or reduce his damages for loss of compensation by seeking

employment.  This is referred to as "mitigation of damages."  On this particular issue, if you find

that plaintiff has proven lost wages by a preponderance of the evidence, defendants must prove

by preponderance of the evidence that Mr. Zarda failed to mitigate his damages for loss of

compensation.  If you determine plaintiff is entitled to damages, you must reduce these damages

by: (1) what Mr. Zarda earned, and (2) what Mr. Zarda could have earned by reasonable effort

during the period from his discharge until the date of his death.  Mr. Zarda must have accepted

employment that was "of a like nature."  In determining whether employment is "of a like

nature," you may consider:  (1) the type of work, (2) the hours worked, (3) the compensation, (4)

the job security, (5) the working conditions, and (6) other conditions of employment.

        You must decide whether Mr. Zarda acted reasonably in not seeking or accepting a

particular job.  If you determine Mr. Zarda did not make reasonable efforts to obtain a similar

job, you must decide whether any damages resulted from his failure to do so.

You must not compensate plaintiff for any portion of plaintiff's damages resulting from Mr. Zarda's failure to make reasonable efforts to reduce his damages.

## 2. Emotional Damages

With respect to emotional damages, you must award plaintiff such sum of money as you believe will fairly and justly compensate plaintiff for the damages you believe Mr. Zarda actually sustained as a direct consequence of the allegedly discriminatory conduct of the defendants.

You should award compensatory damages only for those injuries that you find plaintiff has proven by a preponderance of the evidence. Moreover, you shall award compensatory damages only for those injuries that you find plaintiff has proven by a preponderance of the evidence to have been proximately caused by defendants' unlawful conduct. In other words, to recover compensatory damages, plaintiff must prove by a preponderance of the evidence that the defendants' actions were a proximate cause of Mr. Zarda's injuries. "Proximate cause" means that there must be a sufficient causal connection between the act of the defendants and any injury or damage sustained by the Mr. Zarda. An act is a proximate cause if it was a substantial factor in bringing about or actually causing the injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' acts. If an injury was a direct result, or a reasonably probable consequence of the defendants' acts, it was proximately caused by such act. In other words, if defendants' acts had such an effect in producing an injury that reasonable persons would regard as being a cause of the injury, then the acts are a proximate cause. A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

21

Defendants are not liable if the Mr. Zarda's injury was caused by a new or independent source of an injury that intervened between the defendants' act and the his injury and that produced a result that was not reasonably foreseeable by the defendants.  Likewise, defendants are not liable for an injury that they did not cause, such as, for example, an injury that existed before the defendants' conduct in question.

With respect to proximately caused injuries, compensatory damages in this case can include any suffering, inconvenience, loss of enjoyment of life, and other non-monetary losses that plaintiff proves were experienced as a consequence of the actions of a defendant.  There is no requirement that evidence of the monetary value of such intangible things as injury, pain, and suffering be introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these types of damages and no expert testimony need be introduced.  Any award you make should be fair in light of the evidence presented at the trial.

Compensatory damages must not be based on speculation or sympathy, however.  They must be based on the evidence presented at trial, and only on that evidence.

Plaintiff can only recover for damages, if any, that plaintiff proves by a preponderance of the evidence were caused by the unlawful conduct of the defendants.  If you find that plaintiff has proven that Mr. Zarda suffered an injury and that these injuries were caused by the defendants' conduct, you must fix the amount of damages that will, as much as money can, fairly compensate the plaintiff for such injuries.  The purpose of such an award of damages is not to punish the defendants, nor is plaintiff entitled to be compensated for any injury not caused by unlawful conduct.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

## PART III: CLOSING REMARKS

Before I allow you to retire to the jury room to deliberate, I would like to offer you some closing remarks.  By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case only from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

Your deliberation should include a rational discussion of the evidence in the case by all of you.

In your deliberations, you are entitled to your own opinion, but you should exchange views with your fellow jurors and listen carefully to each other.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to weight and effect of the evidence simply to arrive at a verdict.

If the plaintiff has carried its burden of proof by establishing every essential element of the claim by a preponderance of the evidence, your sworn duty is to find for plaintiff.  If the plaintiff has failed to establish any essential element of a claim, your sworn duty is to find for the defendants.

I instruct you that the decision you reach must be unanimous.  You are also to consider each claim and each defendant separately.  I instruct you to consider each question on the verdict sheet separately, and your decision on each question must be unanimous.

Remember also that your verdict must be based solely on the evidence in the case and the law as the court has given it to you, not on anything else.  Opening statements, closing

arguments, or other statements or arguments of the parties are not evidence.  If your recollection of the facts differs from the way the parties have stated the facts to be, then your recollection controls.

When you get into the jury room, before you begin your deliberations, your first act will be to select one of you to be the foreperson.  The foreperson will be responsible for signing all communications to the court and for handing them to my deputy, Michele, during your deliberations, but of course the foreperson's vote is entitled to no greater weight than any other juror.

During the trial, I permitted the taking of notes by those of you who wished to do so.  At that time I pointed out that while you could take notes, there is no need for your doing so, because the court reporter takes down everything that is said in the courtroom and during your deliberations the court reporter will read back to you any portion of the transcript you may ask for.

For those of you who did take notes during the trial, I point out to you and your fellow jurors that your notes are simply an aid to memory for the particular juror who takes the notes. You are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in your deliberations.  Jurors who did not take notes should not be influenced by the fact that other jurors have taken notes.  Your notes are not evidence, may be inaccurate, and are by no means a complete recording of the trial testimony. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

25

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through my deputy, Michele, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court.  If you send any notes to the court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone - not even to me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If during your deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon written request.  If you want any of the testimony read, that can also be done.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want.  If you request a readback of testimony, please be patient, as it may take some time to locate and agree upon the specific testimony required.  Your request for a readback may be as narrow or extensive as you decide it to be.

I have prepared a verdict sheet, which will be given to you.  The verdict sheet is given to you to record your verdict after you have reached a verdict in this case.

When you have reached a decision, have the foreperson sign the verdict form and put the date on it - and notify my deputy, Michele, by note, that you have reached a verdict.

I reiterate that any verdict you reach must be unanimous.

Your oath sums up your duty - and that is - without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.

This concludes my instructions.  Thank you for your close and careful attention. Members of the jury, you will now retire to deliberate after I swear in my deputy.  I do ask that, as your first order of business, you elect a foreperson and send me a note, dated and timed, identifying that foreperson.