FILED
CLERK
12/9/2015
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
MELISSA ZARDA,                   . Civil No. 10-CV-04334-JFB-AYS
                                 .
            Vs.                  .
                                 .
                                 . 824 Federal Plaza
                                 . Central Islip, NY
ALTITUDE EXPRESS, INC.,          .
                                 . June 10, 2014
. . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF TELEPHONIC CONFERENCE
BEFORE HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For The Plaintiff:          GREGORY S. ANTOLLINO, ESQ.
                            275 Seventh Ave., Suite 705
                            New York, NY  10001

For The Defendant:          ZABELL & ASSOCIATES PC
                            By:  SAUL D. ZABELL, ESQ.
                            4875 Sunrise Highway, Suite 300
                            Bohemia, NY  11716

Proceedings recorded by electronic sound recording, transcript produced by transcription service.
_____
**TRACY GRIBBEN TRANSCRIPTION, LLC**
**859 Nutswamp Road**
**Red Bank, NJ  07701**
**(800) 603-6212**
**(732) 263-0044    Fax No. (732) 865-7179**
www.tgribbentranscription.com

```
 1                    I N D E X

 2

 3  ORAL ARGUMENT                                PAGE

 4  BY MR. ZABELL                                  4

 5  BY MR. ANTOLLINO                               5

 6

 7  DECISION                                      10
```

1            THE CLERK:  Calling case 10-cv-4334, Zarda verse
2   Altitude Express.  Please state your appearance for the record.
3            MR. ANTOLLINO:  Greg Antollino for the plaintiff.
4   Good afternoon, Your Honor.
5            THE COURT:  Good afternoon.
6            MR. ZABELL:  And for the defendant, Saul Zabell with
7   the law firm of Zabell & Associates.  Good afternoon, Your
8   Honor.
9            THE COURT:  Good afternoon.  As you know I scheduled
10  the conference because I saw the letters regarding the issue
11  with respect to the pretrial order and Mr. Zabell's list of
12  witnesses and Mr. Antollino indicated that's there some other
13  issues that he wanted to discuss as well.  So why don't we just
14  deal with that issue first?  I think the way to resolve this
15  issue, Mr. Zabell, obviously you need to put what witnesses to
16  reserve your ability to call witnesses but also putting a list
17  of you know 50 people is not particularly helpful either and it
18  does not allow the other side to properly, one of the primary
19  purposes of the pretrial order is to allow the other side to
20  prepare for the case.  And if it's just a list of names, some
21  of whom's relevance to any trial is completely unclear, then
22  that's not providing the other side with an opportunity to
23  really prepare the case.
24           So what I'm going to ask you to do is for those
25  witnesses who have been deposed, what their relevance to the

1 case is. Obviously, you can just list them. But for people
2 who were not deposed, you need to put in, you know in the
3 pretrial order a couple of sentences that summarizes what their
4 testimony would be you know relevant to not just like fact
5 witness but you know whatever it is they have as relevant so
6 that Mr. Antollino could at least, first of all, object and
7 prepare if he feels necessary based upon what you're saying
8 their relevance is to the case, okay?

9     MR. ZABELL: That's fine, Your Honor, but I think
10 part of the problem here is that Mr. Antollino doesn't recall
11 that he received the identity of all these witnesses and their
12 addresses back in I believe 2011 pursuant to an order from Your
13 Honor that I turn over all the employee's names and addresses
14 for the, I think from 2009, 2010 jump season. So all of this,
15 these are all, the majority of the individuals listed are all
16 employees or former employees who worked with Mr. Zarda during
17 the 2009, 2010 year.

18     So we've listed them because of what they could
19 potentially say to either rebut Mr. Zarda or supplement Mr.
20 Maynard's (phonetic) case depending on what the case in chief
21 that Mr. Zarda puts in. There were no surprises. These are
22 all individuals, the identity of whom had come up in discovery
23 and these are all individuals who Mr. Antollino has had their
24 names and addresses or last known addresses since 2011.

25     MR. ANTOLLINO: Well, you know, Judge, there are

1  surprises and there are surprises.  And he's explaining this
2  now, I do remember getting a list of some addresses, some of
3  which were not accurate or were just PO Boxes.  But the bottom
4  line is I don't think your rules require that rebuttal
5  witnesses be listed in the pretrial order, just rebuttal
6  documents that would make sense to me insofar as you know I can
7  look at a document, figure it out and examine it before trial
8  but I can't a witness who you know I might have had their
9  address two years ago but I might have decided that the case
10 went in a different direction and I didn't need to provide, to
11 examine those witnesses.
12             Moreover, Judge, there are some, you know causes of
13 action or semi-causes of action that you just dismissed like
14 the hostile work environment which a lot of these witnesses
15 might have testified to but that's out of the case.  I'm not
16 calling any of these witnesses and you're not going to allow a
17 50, I'm sorry, a 60 case witness trial and I really just think
18 that this is a big impediment towards having an expeditious and
19 fair trial for both parties to have all of these names in
20 there.
21             And I was able to succeed in getting Mr. Zabell to
22 remove one name, someone who his client had testified that
23 didn't want to get involved and didn't know anything but I mean
24 I think that just demonstrates that he has just gotten together
25 all of the names and cut and paste and put it in and you know

1  I'm going to get back a list of you know will testify to the
2  events that occurred in the workplace and that plaintiff was
3  not subject to discrimination in any manner.
4      Let's just play fair here.  This is a week trial that
5  involved, you know seven main parties or main witnesses and I
6  would b e happy with your proposal, Judge, but let's hold that
7  to a tee and have these witnesses specifically identified as to
8  what they're going to testify to and if anything at all, other
9  than some generic will testify to events at the workplace or
10 something like that.  I just think that this is just an
11 impediment towards getting this case to move forward and to
12 make me waste time on things that are just not going to come
13 up.
14      THE COURT:  Well, I don't think, first of all, the
15 fact that they're in a list, there's no way this is going to be
16 a 50 witness case.  I think Mr. Zabell knows that, too.  So I'm
17 not worried that the trial is going to be longer just because
18 he put these 50 names down and obviously just because he put
19 the name down, doesn't mean he's going to be able to call them.
20 If he wants to call them, he would have to demonstrate that it
21 was relevant, noncumulative, you know so there's no prejudice
22 to you or your client just because he puts the list on.
23      The only thing I was concerned about is if you have
24 no idea who the person is that he should identify who the
25 person is and something basic about their testimony.  Now, to

1  the extent you're asking me to have, he has to give like
2  chapter and verse of what they would say if they were called, I
3  don't think that's warranted either.  If he identifies, I
4  didn't realize that most of these people were employees at the
5  time that your client was employed there.  If he identifies
6  them as employees who worked there at the time that your client
7  did and he wants to reserve the ability to call them, depending
8  upon what your client may or may not say on the stand with
9  respect to Mr. Maynard's conversations with him, treatment of
10 him, even though you don't have a hostile work environment
11 claim, does not mean that you know other interactions that they
12 may have had or conversations would not be relevant to the
13 remaining claims.
14          So I'm not going to, the rebuttal, his witnesses
15 aren't rebuttal witnesses.  In other words, the defendant's
16 list of witnesses are not considered rebuttal witnesses simply
17 because they may respond to what your client says.  They're
18 still you know, you're the one who has the right to call
19 rebuttal case.  So he does need to list who his potential
20 witnesses are and you know I don't think there's any, as long
21 as you have a general idea of who the person is, I don't think
22 there's any prejudice.
23          You can obviously just object, you know in the
24 pretrial order you can object to them if you think they're not
25 going to be relevant and should he ever try to call any of

Antollino/Argument 8

1 them, you would have a discussion about why they were necessary
2 in light of the case that you put on, okay?
3 MR. ANTOLLINO: All right. If they're identified as
4 employees, then I have the ability to reach out if there are
5 any, but obviously they weren't all employees, because one of
6 them was his client's girlfriend. So if I get a couple of
7 sentences as to what they're for, that's fine with me. I think
8 it makes the pretrial order longer. But now you're saying you
9 want me to object in the pretrial order as to witnesses that I
10 think should not testify? I wasn't aware that that was a
11 requirement of your --
12 THE COURT: I'm not saying if you know you're going
13 to object now, you can put it in there. I'm not going to say
14 you waived the objection because --
15 MR. ANTOLLINO: All right.
16 THE COURT: -- because you don't have enough really
17 to know at this point because you know he's just going to give
18 a general summary. So if you know for sure you would object,
19 you could put the objection in but you preserve the ability to
20 object once he identifies before trial or at trial exactly what
21 the substance of their testimony is going to be, okay?
22 MR. ANTOLLINO: Okay.
23 THE COURT: And you said there were other issues you
24 wanted to raise?
25 MR. ANTOLLINO: Yeah, there is another issue that I'm

1  going to raise and I as Mr. Zabell knows, I videotaped Mr.
2  Maynard's deposition and one thing that the videographer or the
3  deposition company can do is put together bits and pieces in
4  one film as to the defendant's testimony which I plan to do.
5  And so I've identified you know many portions of the
6  defendant's deposition not all of which, but some of which were
7  objected to.
8         So at some point, I'm going to have to put these into
9  a video that's going to be shown to the jury.  And it would be
10 nice to get the objections well in advance so if you rule that
11 this isn't relevant or that is relevant, I can take that in or
12 put that in, take that out or put that in, well in advance.
13 It's not like I'm just reading a deposition.  You know there's
14 some steps involved.
15        So this way we have plenty of time to do that and
16 since Mr. Zabell is very quickly going to get my list of
17 designations you know I would ask that you know his objections
18 be made known by a certain time.  And then I'll either look at
19 it and say yeah, that's not so important or I'll say no, I
20 really want that and we'll have to go to you for a resolution
21 on that.
22        THE COURT:  Okay, that sounds reasonable.  Mr.
23 Zabell, will you do, once you get his designations in the
24 pretrial order, will you just state which ones you're objecting
25 to so that I can rule on those so he'll have sufficient time to

1  prepare the video?

2          MR. ZABELL:  Absolutely, Your Honor.

3          THE COURT:  Okay.  All right, so we'll set a date,
4  once we set the pretrial order date, we'll set a date for that,
5  okay?

6          MR. ZABELL:  Okay.

7          THE COURT:  So how much longer do you guys need then
8  for the pretrial order?

9          MR. ANTOLLINO:  Well, for the pretrial order I'm done
10 basically.  And it's just Mr. Zabell's decision as to know
11 which of the witnesses, you know he wants to put a sentence or
12 two in for, and so I don't know, I think that that can be done
13 within a week.

14         THE COURT:  Mr. Zabell?

15         MR. ZABELL:  All I'm going to say for the witnesses
16 is I've identified them as employees for the 2009 through 2010
17 jump year.

18         THE COURT:  But again, if there are some that are not
19 employees, you --

20         MR. ZABELL:  They are.  The witnesses that I've
21 listed are all employees.

22         THE COURT:  Okay.

23         MR. ZABELL:  They're all --

24         THE COURT:  So how long do you need then?  Can you do
25 it in a week then?

Decision                                              11

1        MR. ZABELL:  Yes, I can do it within a week, that's
2   fine.
3        THE COURT:  So we'll say it will be filed June 17th,
4   and then how long will you need then to go through the
5   designations to state any objections?
6        MR. ANTOLLINO:  I would like to be able to say I can
7   do it in a week but I just don't know how many designations are
8   going to be made.
9        THE COURT:  Why don't --
10       MR. ANTOLLINO:  If it's a reasonable amount, you know
11  20 or 30, we can do it in a week.  If it's 300, it may take me
12  a little longer.
13       THE COURT:  Okay.  So I'll give you until the end of
14  the following week, that's like 10 days.  We'll say June, hold
15  on, I lost my date here.  So June 17th, say July 7th, okay?
16  Just do a letter to Mr. Antollino indicating which ones, some
17  ridiculous amount you can ask me for more time but I'm assuming
18  you can get it done, okay?
19       MR. ANTOLLINO:  That sounds reasonable.
20       THE COURT:  And then Mr. Antollino, I guess if you
21  get designations that you, if you get objections that you don't
22  agree with, you want me to set a date for you to put a letter
23  into me?
24       MR. ANTOLLINO:  Yeah, could you give me actually just
25  because of a road trip I'm going on could you give me until

1  August 5th or would that be too late?

2              THE COURT: No, that's okay, August 5th, okay? And
3  then if we need be, we'll have a conference call to resolve
4  whatever issues are. But obviously, Mr. Zabell, to the extent
5  if it's not prejudicial in some way, let's not nick pick over
6  every line, okay?

7              MR. ZABELL: Absolutely. If I could ask, Judge,
8  because Mr. Antollino has indicated that he has finished his
9  portion of the pretrial order and we've already sent him ours,
10 if we can get him to send us today his portion of the pretrial
11 order so we can start melding the two documents together?

12             MR. ANTOLLINO: Sure, I have no problem with that. I
13 just want to ask you one thing, Judge. Do you require, well,
14 let me ask you this. Let me ask Mr. Zabell in front of you and
15 let me ask you at the same time, you require objections on
16 exhibits to be made in the pretrial order or is that something
17 you take up closer to trial?

18             THE COURT: Hold on one second. We're just checking
19 our individual rules. Sometimes lawyers do put the objections,
20 the exhibits in the pretrial order but if it would expedite the
21 submission of it, you know if you and Mr. Zabell just want to
22 reserve the ability to object --

23             MR. ANTOLLINO: That's why we had requested it
24 because it was our understanding that your rules require it,
25 Judge, and we were operating under that.

1            THE COURT:  I just want to double check.  I think
2 they probably do but I just want to, yes.  Yes, it does require
3 it.  But again, I don't want to, if both sides agree to reserve
4 that ability, it doesn't affect my life.  You both want to
5 reserve the ability to object closer to, you know to the trial
6 or at the trial, as opposed to trying to go through each one
7 now.
8            MR. ANTOLLINO:  Well, what I do, Judge, is if, excuse
9 me, Mr. Zabell, is put something that has worked in the past,
10 you know for good cause shown, the parties may amend this
11 pretrial order before the trial begins as a final paragraph and
12 so for good cause shown, you know you can make an objection at
13 a later time.
14            THE COURT:  Yes, that's fine.  If you have an
15 objection now and you know there's no reason to hold the
16 objection.  Put it in there.
17            MR. ANTOLLINO:  Right.
18            THE COURT:  But if you know I always allow the
19 parties if something comes up either before trial or even
20 during the trial if they can explain what the objection is, and
21 why they didn't identify it earlier, you know but you should
22 try to identify the ones that you can identify now, okay?
23            MR. ANTOLLINO:  All right.  Okay.
24            THE COURT:  Okay, Mr. Zabell?
25            MR. ANTOLLINO:  I'll get to Mr. Zabell shortly.

1        THE COURT:  Okay, Mr. Zabell?

2        MR. ZABELL:  That's fine, Judge.  I would just prefer
3   in reviewing Your Honor's rules, I'm not waiving my right to
4   see Mr. Antollino's objections and I understand absolutely for
5   good cause shown changes occur at trial.  That's fine, I
6   understand that, but to the extent that I can have his
7   objections when the pretrial order is due, or shortly
8   thereafter, that is part of the process of preparing for trial
9   that I --

10       THE COURT:  Again, I don't want you to think that,
11  well, let me say it this way because I agree.  I don't want to
12  have issues.  If you know the objection, it should be in the
13  pretrial order or you know obviously or shortly thereafter
14  within a week or two of the order if you see something and you
15  didn't pick up on it, you know that's not going to prejudice
16  anybody but to the extent a week before the trial, or during
17  the trial, you're starting objecting to things that you didn't
18  object to in the order, I ask when a lawyer does that I ask for
19  an explanation like why you didn't raise this earlier.

20       If you don't have a good cause for not having raised
21  it earlier, then I could preclude you from you waived the
22  objection unless you can explain why you didn't identify it
23  earlier.  Some things you can't --

24       MR. ZABELL:  Okay.

25       THE COURT:  -- identify until you know something

arises during the trial but I don't want you to think you sort of have free reign to just object at any time without explaining to me why you didn't raise it in the pretrial order, okay?

    MR. ZABELL:  Okay.

    THE COURT:  But I think the good cause language covers that, okay?

    MR. ZABELL:  Okay.

    THE COURT:  Okay, Mr. Zabell?

    MR. ZABELL:  Thank you, yes.

    THE COURT:  Okay, have a good day.

    MR. ANTOLLINO:  Same to you as well.

    MR. ZABELL:  Thank you.  Good bye.

* * * * *

**C E R T I F I C A T I O N**

I, Tracy Gribben, court approved transcriber, certify that the foregoing is a correct transcript from the official digital audio recording of the proceedings in the above-entitled matter.


**/S/TRACY GRIBBEN**


TRACY GRIBBEN TRANSCRIPTION, LLC     December 9, 2015