GREGORY ANTOLLINO, ESQ.
275 Seventh Avenue, 7th Floor
New York, NY 10001
gregory@antollino.com
(212) 334-7397

November 5, 2020

Judge Sandra J. Feuerstein
United States District Court
100 Federal Plaza
Central Islip, NY 11722

Re:     Estate of Zarda v. Altitude Express, 10-4334 (SJF)

Dear Judge Feuerstein:

The parties provide this joint letter in advance of the November 12, 2020 conference.

Plaintiffs' Position

Melissa Zarda and William Moore, Jr. are co-executors of the Estate of Donald Zarda. In 2015, they lost a trial under the New York State Human Rights Law, then appealed. They succeeded in reviving a Title VII claim that Judge Bianco had dismissed based on earlier precedent. In 2018, the Circuit decided *Zarda v. Altitude Express*, 883 F.3d 100 (2d Cir. 2018), overruling the earlier precedent and reversing Judge Bianco. After remand from the Circuit, plaintiffs discovered that Maynard sold the corporation. The plaintiffs moved for discovery on the question of successor liability. Maynard sold his company's goodwill, perhaps other assets, to an entity that adopted "Skydive Long Island" as its moniker. The new SDLI posted rainbow banners in support of the en banc ruling. The Court should grant discovery on this latest issue for the reasons outlined in the plaintiffs' letter motion of April 18, 2018. Dkt. 258. Judge Bianco denied this motion given the pending cert. petition. See transcript, Dkt. 268.

Plaintiffs moved to reopen the case to move it toward trial. However, they first need to see the contract in sale between Maynard (in his corporate capacity) and the whoever his buyer. The deal almost certainly sets forth who or what entity is liable for a judgment in this case. We believe it is Raymond Maynard. Hypothetically, the agreement required Maynard to place money in escrow. That's speculation, but we need to see that document to move forward. Also, while Maynard's liability under the New York Human Rights law is no longer, the sale contract will outline his liability for the business in this lawsuit.

Maynard is also jointly and severally liable for the US Supreme Court's judgment awarding plaintiffs approximately $2,500. This amount will go to the Stanford Law School Supreme Court Clinic. In addition to the tremendous skill the Clinic students and Professor Pamela Karlan wielded in winning the case, the Clinic advanced the Joint Appendix costs. The Clinic's students deserve

1

to see the order of the U.S. Supreme Court carried out. Plaintiffs believe we should start there, along with the entire, unredacted contract of sale.[1] That contract will allow us to determine successor liability; then, plaintiffs can assess how to move forward on the revived Title VII claim. Notwithstanding that Mr. Maynard won the 2015 trial under state law, the Title VII case allows plaintiff a lesser burden of proof: discrimination need only be a motivating factor in the decision. 42 U.S.C. § 2000e-2. At the trial under state law, the court instructed under the "but for" standard.

Plaintiffs assert that the proposed withdrawal of Zabell & Associates from representing the corporate defendant is both premature (or is otherwise improperly perfected). It is manifest that a corporation cannot stand in court for itself and Mr. Zabell represented the corporation at the en banc rehearing and at the Supreme Court – all at a time after the corporation was defunct. To allow the corporation to go without someone to speak for it and to produce, at least, the contract of sale, would defeat plaintiffs' right to find a successor in interest. Once we get that contract – which could easily have been provided by now – we might consent. Indeed, plaintiffs even tendered a proposed model confidentiality order for the purpose.

**Altitude Express' Position**

This firm was counsel to Altitude Express, Inc. Defendant in the above-referenced matter and is currently counsel to Ray Maynard who has prevailed in the above captioned matter under New York State Law. Although not an appropriate party, we have been asked by Mr. Maynard to submit this statement to the court to assist the court in making whatever decisions it may be inclined to make regarding a long closed defunct corporate entity.

Ray Maynard is not a proper party to this action under federal law. "[U]nder Title VII individual supervisors are not subject to liability." *Mandell v. County of Suffolk & John Gallagher*, 316 F.3d 368, 377 (2d Cir. 2003); *see also Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995). Although "[i]ndividual liability is sometimes possible ... under New York's Human Rights Law," *see* Gregory v. Daly, 243 F.3d 687, 689 n.1 (2d Cir. 2001); *Tomka*, 66 F.3d at 1317, a jury found no liability with respect to Mr. Maynard and Plaintiff's claims under New York Law. *See also Barton v. Mikelhayes*, No. 09-CV-00063, 2010 US Dist. LEXIS 23789, at *8 (NDNY. Mar. 15, 2010) ("Although individual liability for work place discrimination is sometimes possible under various state and federal causes of action, controlling precedent holds there is no individual liability under Title VII").

The Federal Rules of Civil Procedure only obligate parties to produce documents. *See, e.g.*, Fed. R. Civ. P. 26 ("...a party must, without awaiting a discovery request, provide..."); Fed R. Civ. P.

---

[1] A barebones confidentiality order can protect the contract of sale. A private contract that determines who is liable on plaintiffs' claim – where plaintiffs were not involved in contract negotiations – cannot be shielded from plaintiffs' view. Hypothetically, the purchaser of the trademark wanted the trademark (and goodwill) so much that it assumed successor liability. If there is no reference to the lawsuit in the contract of sale, then the purchaser should have been on notice that it would be and must be impleaded. Raymond Maynard is still responsible for at least the Supreme Court costs, since he insisted on being a petitioner to the Supreme Court and the judgment awarded is against him and the corporation.

2

34 ("... [a] party may serve on any other party ..."). Mr. Maynard is under no legal obligation to produce any agreement hypothecated by Plaintiff's counsel. Notwithstanding, upon information reviewed, on or about April 20, 2016 Altitude Express sold only a certain registered trademark, assumed name, domain name, website, and social media platforms. Our review of the documents indicate that that sale and subsequent transfer allowed a particular company to operate utilizing the name "SkyDive Long Island". The purchase and sale agreement provided that its terms shall remain confidential and that each party agreed to not publicize, divulge, disclose or reveal either directly or indirectly, any information.

Allegations that Mr. Maynard is "jointly and severally liable for any judgment is not supported by the record or case law. Altitude express petitioned the United States Supreme Court. Mr. Maynard's involvement with the matter ended when a Jury concluded, after considering testimony that a female patron was subjected to sexually abusive behavior from Mr. Zarda, that Mr. Zarda was terminated for reasons other than workplace discrimination. The mere fact that Mr. Maynard's name remained in the caption is not, standing alone, a proper basis for claiming liability, joint several or otherwise.

This firm respectfully requests that it be relieved as counsel for the long closed and now defunct corporate Defendant entity.

Sincerely,

*Greg S. Antollino*

Gregory Antollino

**ZABELL & COLLOTTA, P.C.**

_____, November 5, 2020
Saul D. Zabell