UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MELISSA ZARDA, et al.,

        Plaintiffs,

        -against-

RAYMOND MAYNARD, as predecessor
in interest, sole shareholder and alter ego
of ALTITUDE EXPRESS, INC.,
and RAYMOND MAYNARD, individually,

        Defendants.
---------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF MOTION FOR PAYMENT OF APPELLATE JUDGMENTS AND FOR SANCTIONS**

10-4334-CV (SJF) (AYS)

## I.    MAYNARD MUST PAY COSTS ON APPEAL

Rule 39 of the Federal Rules of Appellate Procedure 39 states that costs on appeal may be assessed in either the circuit or district court. Plaintiffs chose to request that costs be set at the appellate level. FRPA 39(a)(4) states that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only *as the court orders*." Here, the parties had a full opportunity to litigate the costs issue, and the plaintiffs won. These are costs on appeal, *not* costs available under Title VII as the defense suggests. Attorneys' fees are not recoverable as part of an award of costs to the prevailing party under Rule 39, and we never asked for fees in any case. *Vasquez v. Fleming*, 617 F.2d 334 (3d Cir. 1980). Say the Supreme Court were to have reversed the Circuit decision, which included an award of costs. In that case, the plaintiff would be liable for expenses at the Supreme Court, and the defense could either move to vacate the Circuit costs. *Furman v. Cirrito*, 782 F.2d 353 (2d Cir. 1986). If plaintiffs had lost at the Supreme Court, they would have been liable for both the Circuit and the Supreme Court costs. Indeed, in good faith, we awaited the outcome plaintiffs won. Maynard was a party to both

1

appeals, and the high court awarded costs against him. Zabell didn't move for reconsideration, though he fought the issue. Defendants lost. Maynard is a defendant, and he is liable for costs. It's straightforward.

As the Second Circuit held, "[t]he award of costs against the losing party is a normal incident of civil litigation and is the rule rather than the exception." *Mercy v. County of Suffolk,* 748 F.2d 52, 54 (2d Cir. 1984). There is a presumption that the prevailing party will be awarded costs and that presumption cannot be overcome unless the unsuccessful party shows good cause for doing so." *Id.* (citing *Baez v. the United States Dept. of Justice,* 684 F.2d 999, 1004 (D.C. Cir. 1982).

If a losing plaintiff refuses to pay costs, it may result in the Court's exercise of discretion to stay the litigation. The corollary proposition is that a defendant – who has had the means to take a case to the Supreme Court and lose – would be for the Court to strike the defense if the defendant refuses to pay. There are several factors a court considers in exercising this discretion: Whether the party requested a stay at Supreme Court or Circuit level to "stay the assessment of costs pending further proceedings in the trial court." That's not true here. We told the Circuit that if defendants petitioned for certiorari, we would not seek to enforce costs until the Supreme Court decided the case. We waited, but now the costs are due.

The second factor is whether the losing party on the question of costs has made any "pa[yment of] the appeal costs. Here, the defense frivolously wastes time and defies court orders. It should shock the conscience and is not only frivolous but willfully contumacious. Another factor is "indigency and [an] inability to pay the costs[.]" The defendant has not so claimed here. The Court in *Falcon v. Gen. Tel. Co. of Sw.*, 611 F. Supp. 707, 723-24 (N.D. Tex. 1985) arrived at these factors. The district court ordered the case dismissed against the plaintiff unless he paid the costs or the defense posted a bond. There is no point in a bond here, which could lead to further litigation. Indeed, Mr. Zabell could post a bond, thinking he will

2

win on appeal. Zabell just wants to prove a point: That plaintiffs get nothing from this case. In another case, my experience is that a bonding company will allow a bonded party to defend an appeal on its behalf. Zabell is on a mission to deny court orders just as a demagogue, say, would prohibit the results of a free and fair election or attempt a coup in a third-world country. That would never happen in this country, or at least the Courts would push back if the demagogue so tried. Mr. Zabell thought he would win at the Supreme Court but cannot accept that he lost. Appealing was a wrong move, strategically for his client. He decided to place his pure desire to win over the rights of gay LGBT+ Americans. His strategy, it turns out, was sorely misguided. He lost, and his client, a party to both appeals, must now pay costs. To allow him to post a bond would lead to tremendous further litigation, so if there is a bond, it should cover attorneys' fees for plaintiffs to defending such an appeal. The amount of that bond should be no less than $200,000 because Zabell will not accept defeat, even if it means defying a court order.

      In another case, a counterclaim plaintiff did not pay the costs, and the court stayed the case until he paid the expenses. *Comprehensive Care Corp. v. Katzman*, 2013 U.S. Dist. LEXIS 113261, at *3-4 (M.D. Fla. Aug. 12, 2013). To stay in this case would be to inflict a burden on plaintiffs, who are the aggrieved parties. A stay would not coerce the payment of costs. Striking the defense would. A small bond would serve no purpose not only because appellate orders are not subject to review in the District Court. If only a tiny bond is posted, it will result in an appeal and cost perhaps another thousand or so attorney hours, which will not deter further vexatious conduct. There comes the point where overzealousness is an insult to the entire process. Seeking to refute appellate judgments is an example of over-zealousness.

      The Supreme Court's award of costs may not be appealed. The time for reargument at the Circuit has expired. The only way to enforce these orders is to strike the defense if the defendant does not pay.

**II:   A DISTRICT COURT DOES NOT HAVE JURISDICTION TO MODIFY AN APPELLATE COURT ORDER**

This is an elementary proposition, so evident that no District Court has had the grit modify an appellate order. The only case reasonably on point (at least that I could find) is *Gonzales v. Fairfax-Brewster Sch., Inc.*, 569 F.2d 1294 (4th Cir. 1978), where, after an appeal to the Fourth Circuit, then to the Supreme Court, the plaintiff won on the law. The District Court denied the request for attorneys' fees on the merits – and we do not make such an application at this time. On remand to the District Court, the plaintiff petitioned for appellate costs, proper under both FRAP 39 and 28 U.S.C. § 1920. The district court, with no compelling explanation, decided to dispense with costs. The Fourth Circuit held.

> [W]e think the district court acted improperly in directing that each party should bear its own costs in that Court. In its order of July 27, 1973, the Court had awarded such costs to the plaintiffs, and none of the parties had appealed from that aspect of the initial judgment order. Since the award of such costs had become a finality, the district court had no authority to alter it in any way in carrying out the judgment of the Supreme Court of the United States. Accordingly, we reverse the action of the district court in this respect and remand the case with directions to reinstate the taxation of costs under 28 U.S.C. § 1920 against the defendants.

*Gonzales v. Fairfax-Brewster Sch., Inc.*, 569 F.2d 1294, 1297 (4th Cir. 1978)

**III:   THE COURT SHOULD SANCTION MR. ZABELL UNDER 28 U.S.C. § 1927**

New York Business Corporation Law § 1006 holds that a defunct corporation may sue or be sued. Judge Bianco held as much in denying the plaintiffs' request for discovery after winning at the Circuit. Plaintiffs will get to that in their response. We don't intend to move for sanctions, but we intend to make our case that Maynard is liable as a predecessor in interest – not successor in interest – to Altitude Express.

But the questions of costs on appeal awarded against both defendants is not worthy of debate. These are not, as the defense suggests, costs under 42 U.S.C. § 1988. They are orders of higher courts that cannot be further appealed and cannot be modified by any district court. Zabell's actions in making plaintiffs defend against the Zabell's frivolous refusal to pay the

4

costs – and even to insist that *plaintiffs* would have to file an extraordinary writ is an insult to the 12:55 AM U.S. Supreme and Circuit Courts. This Court should clarify that Mr. Zabell's contempt in refusing to abide by appellate orders and judgments is vexatious and dilatory conduct that may not be tolerated. This District – no district – can afford to waste time relitigating motions that this Court has no jurisdiction to entertain; that are res judicata; that the defense could have, but did not reargue; or consider new arguments not made on appeal. Plaintiffs do not say that such arguments would have been successful, but to relitigate motions at the district court level is an insult to due process.

Maynard was a party to the appellate proceedings, and he lost. Zabell miscalculated his strategy and thought he would win but did not. The 6-3 decision was a clear win for plaintiffs. Justice Alito dissented vigorously, but he would not hold that these costs may be quietly forgotten. Zabell's attempt now is born from his unalloyed anger at his loss in such a big case. Anger should not govern any litigation, not this one, nor another. Zabell's tactics are an insult to this Court, this District, and to the practice of law. The Court should sanction him for wasting attorney and court time.

Moreover, a conditional order awarding sanctions unless the defense pays the costs is like giving the defense snow in winter. Plaintiffs are entitled to these costs. They should not have to move for what is right already theirs to have.

**IV:  CONCLUSION**

For these reasons, the Court should grant the motion, and plaintiffs' counsel be permitted to submit the hours spent on this issue for the waste of time.

Yours, Etc.,

/s/

GREGORY ANTOLLINO
Attorney for Plaintiffs
275 7th Avenue
New York, NY 10001